924

**WILMETTE PARK DIST. v. CAMPBELL,**
Collector of Internal Revenue.

No. 43 C 318.

District Court, N. D. Illinois, E. D.
July 25, 1947.

Findings of Fact and Conclusions of Law
Sept. 29, 1947.

Henry J. Brandt and Poppenhusen, Johnston, Thompson & Raymond, all of Chicago, Ill., for plaintiff.

Otto Kerner, Jr., and J. Albert Woll, U. S. Attys., and John M. Kiely, Asst. U. S. Atty., all of Chicago, Ill., and Arthur L. Jacobs, Sp. Asst. to Atty. Gen., for defendant.

CAMPBELL, District Judge.

In this suit to recover certain sums paid under protest, the plaintiff relies on three propositions: (1) That its operation of a bathing beach on park land is a governmental, not a proprietary function, and hence that the federal admissions tax may not be levied against persons paying the charge assessed by the plaintiff for the use of the beach; (2) that the plaintiff's officials may not be required to assist in the collection of federal taxes; (3) that the charge assessed by plaintiff for the use of the beach and its facilities is not an admission charge.

The first proposition raises the constitutional question of the immunity of a state and its subdivisions from the federal taxing power. Constitutional questions, of course, should not be determined by a court unless they are necessarily raised by the case before it. I think that this constitutional question is not necessarily presented by this case, and that it is therefore unnecesary to consider whether the operation of a public bathing beach is a governmental or proprietary function within the sharply limited meaning of "governmental" given in New York v. United States, 326 U.S. 572, 66 S.Ct. 310, 90 L.Ed. 326. The tax here was levied not upon the plaintiff's operation

of the beach or upon the plaintiff's property, but upon those members of the public who paid the charge levied by the plaintiff as a prerequisite to the use of the beach. The situation here presented is thus different from the one in New York v. United States, supra, in which the federal tax was laid upon the sale by the state of mineral water from state-owned springs, although of course the incidence of the tax may have been on the ultimate consumer, as in the case of the usual sales or excise tax.

■ The second proposition is refuted by the decision in Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448, in which the federal admissions tax on admissions to Georgia college football games was upheld. Thus if a federal tax may constitutionally be levied upon a certain type of state activity as it is levied upon corresponding types of activities conducted by private persons, the administrative burden which may be laid upon private persons in the collection of the tax may likewise be laid upon state and local officials.

■ However, I think the third proposition is valid, and disagree with the defendant's argument that it is immaterial whether or not the plaintiff seeks to operate a public beach at cost or at a profit. In levying a charge which brings in approximately enough revenue to cover the cost of operation, the plaintiff is in fact levying a use tax on those who use its beach facilities, although it is called an admission charge. This ruling is not in conflict with Allen v. Regents, supra, in which the federal admissions tax was upheld as applied to purchasers of tickets to state university football games. The revenue from collegiate football games is obviously not intended merely to equal the cost of maintaining the football stadium. If a public beach is operated for profit, the charge for tickets would not be a use tax but an admission within the meaning of section 1700 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 1700.

■ The defendant makes the point that the third proposition argued by the plaintiff in its brief was not raised in the complaint and therefore is not before the court. In view of the policy behind the rule allowing amendment of pleadings to conform to proof, and of the fact that the defendant does not plead surprise, I think that the third proposition should not be stricken.

The defendant's motion for judgment is therefore denied. The plaintiff is entitled to judgment for the amount paid under protest, and interest, except for the sum of $57.20 paid to the defendant's predecessor in 1942.

Counsel for the plaintiff may prepare and file with the Court, in writing, within twenty days from the date hereof, proposed findings of fact, conclusions of law and a draft of a proposed decree, consistent with the views herein expressed, delivering copies thereof to counsel for the defendant. Within twenty days of the receipt of such copies, counsel for the defendant may prepare and file with the Court, in writing, his observations with reference thereto and suggestions for the modification thereof, delivering a copy of such observations and suggestions to counsel for the plaintiff. Within ten days thereafter counsel for the plaintiff may present to the Court, in writing, his reply to such observations and suggestions. Whereupon, the matter of making findings of fact, conclusions of law and a decree herein will be taken by the Court without further argument.

### Findings of Fact

1. Plaintiff is a body politic and corporate, organized in 1908 under the provisions of a statute of the State of Illinois, approved June 24, 1895, entitled "An Act to provide for the organization of park districts and the transfer of submerged lands to those bordering on navigable bodies of water." Illinois Revised Statutes, 1945, c. 105, pars. 256 through 295.

2. Plaintiff is administered by a Board of Commissioners under the provisions of the aforesaid Illinois statutes, elected by the people residing in the District. The first Board of Commissioners was elected at a general election held in pursuance of the statute on January 14, 1908, and the declaration of the result of such public election was made by an order of the County Court of Cook County entered January 17, 1908.

3. Nigel D. Campbell was and is Collector of Internal Revenue for the First

District of Illinois since January 1, 1945 for the duration of the period in suit.

4. The Wilmette Park District consists of an area of approximately 2.8 square miles, located within the incorporated area of the Village of Wilmette in Cook County, Illinois, a village organized and existing under and by virtue of Chapter 24 of the Statutes of the State of Illinois, an act known as the Revised Cities and Villages Act, Ill.Rev.Stat. 1945, c. 24, § 1 et seq., which village has a population of approximately 20,000. Included within the District are four park areas aggregating approximately .78 square miles. The largest park area, known as Washington Park, extends along the shore of Lake Michigan for approximately three-fourths of a mile. The land area of Washington Park was acquired partly by a grant from the State of Illinois, partly by purchase, and partly by the exercise of the right of eminent domain.

5. For more than twenty-five years, the riparian property of the Wilmette Park District at the north end of Washington Park and in the shoal waters of Lake Michigan adjacent thereto has been used as a bathing beach during the summer months.

6. During the years 1941 through 1944, the plaintiff supplied the following services and facilities for use in conjunction with the bathing beach: a bath house containing clothing lockers, toilets and wash rooms, an automobile parking area, life saving equipment, flood lighting, drinking fountains, showers, spectator benches, bicycle racks, first aid personnel and supplies.

7. The plaintiff employs the following classes of employees for work in connection with the operation and maintenance of the bathing beach: a beach superintendent, a secretary, beach maintenance labor, life guards, check room and gate check workers, general office workers, and policemen.

8. The bathing beach is controlled, maintained, and operated solely by the Wilmette Park District and not by a private individual.

9. The bathing beach facilities are utilized principally by residents of the Wilmette Park District, but its facilities are also utilized by non-residents.

10. The Park District makes two types of charges to users of the beach and beach facilities: (1) a flat rate for a season ticket, issued on either an individual or a family basis, and (2) a single daily admission charge of 50¢ on week days and $1.00 on Saturdays, Sundays, and holidays, for which no tickets are issued.

11. The charge made by the Park District for use of the beach and beach facilities is made to cover maintenance, operation, and some capital improvments. Over the years the charge for the use of the beach and beach facilities is intended merely to approximate these costs, and not to produce net income or profit to the Park District.

12. From Gary, Indiana, to Lake Bluff, Illinois, there are 29 municipally operated bathing beaches, some of which do and some of which do not charge admissions. From South Chicago to Highland Park, Illinois, there are 15 Lake Michigan bathing beaches operated by private persons for profit, of which nine charge admissions and six are operated by hotels and clubs for the use of their patrons, residents, and members without any express or specific admission charge.

13. On July 24, 1941 the plaintiff received a written notice from the Office of the Collector of Internal Revenue for the First District of Illinois directing it to collect an admissions tax of 10% on all bathing beach tickets sold on and after July 25, 1941.

14. The Wilmette Park District did not, during the year 1941, or in any prior years, collect from purchasers who paid admissions to its bathing beach facilities any amount to cover the admissions tax alleged to have been imposed by the Admissions Tax Act, 53 Stat. 189, as amended, c. 10, Title 26 U.S.C.A.Int.Rev.Code § 1700.

15. In June of 1942 the United States Commissioner of Internal Revenue, hereinafter called the Commissioner, made an assessment against the plaintiff of $57.20 as the amount due from the plaintiff under the provisions of Section 1718 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 1718, with respect to the tax due under

Section 1700 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 1700, on the amounts paid as admissions to the bathing beach of the plaintiff from July 25, 1941 to October 1, 1941. This amount was paid on June 20, 1942. A claim for refund of this amount was filed with the Collector of Internal Revenue on July 17, 1942 and was rejected by letter from the Commissioner of Internal Revenue of December 22, 1942.

16. Subsequently the Commissioner made assessments against the plaintiff aggregating $3,979.43 as the amounts due from the plaintiff under the provisions of Section 1718 of the Internal Revenue Code with respect to the taxes due under Section 1700 of the Internal Revenue Code on the amounts paid as admissions to the bathing beach of the plaintiff during the years 1942, 1943, and 1944, plus interest on the principal amount of the tax and the amounts due under Section 3655 (b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3655(b), for failure to pay said tax on demand. This aggregate amount was paid on May 15, 1945. A claim for refund of this amount was filed with the defendant on June 29, 1945 and was rejected by letter dated January 11, 1946.

17. Subsequently the Commissioner made an assessment against the plaintiff of $2,-103.30 as the amount due from the plaintiff under the provisions of Section 1718 of the Internal Revenue Code with respect to the taxes under Section 1700 of the Internal Revenue Code on the amount paid as admissions to the bathing beach of the plaintiff during 1945. This amount was paid on November 20, 1945. A claim for refund of this amount was filed with the defendant on December 19, 1945 and was subsequently rejected.

## Conclusions of Law

1. It is unnecessary to consider whether the operation of a public bathing beach is a governmental or proprietary function, since the tax was levied not upon plaintiff's operation of the beach or upon its property but upon the members of the public who paid the charge levied by the plaintiff for the use of the beach. The constitutional question of the immunity of a state and its subdivisions from the federal taxing power need not therefore be determined.

2. The provisions of Sections 1715 and 1716 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, §§ 1715, 1716, imposing upon state and local government officials and employees the duty of assisting in the collection of an admissions tax does not violate the Constitution of the United States.

3. Under the facts of this case, the charge assessed by the plaintiff, whether for "admission" to, or for the "use" of, its publicly owned and operated bathing beach is not an admission charge within Section 1700 of the Internal Revenue Code, but is a method of imposing a use tax upon those members of the public who use the beach and its facilities.

## Judgment

This cause having come on for trial, and the court having considered the stipulation of facts and the other evidence adduced at the trial, and having herewith entered its findings of fact and conclusions of law,

It is therefore ordered and adjudged that plaintiff recover of the defendant the sum of $6082.73, with interest on $3979.43 thereof from May 15, 1945 and on $2103.30 therof from November 20, 1945 at the rate of six percent per annum.